UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| TONY LEE BROWN, | ) |
|     *Plaintiff*, | ) Case No. 2:23-cv-162 |
| v. | ) Judge Travis R. McDonough |
| MATTHEW SCOTT, *et al.*, | ) Magistrate Judge Cynthia R. Wyrick |
|     *Defendants*. | ) |

**ORDER**

This matter is before the Court following Plaintiff Tony Lee Brown's failure to comply with the Court's most recent order (Doc. 48). For the following reasons, the Court will **DISMISS** Plaintiff's suit pursuant to Federal Rules of Civil Procedure 37(b)(2)(A) and 41(b).

**I.    BACKGROUND**

Plaintiff filed this action on December 11, 2023, bringing claims under 42 U.S.C. § 1983. (*See* Doc. 2.) The Court entered a scheduling order on April 1, 2024, under which all discovery was to be completed by December 2, 2024. (*See* Doc. 12.) Defendants initially attempted to serve Plaintiff with written discovery on September 27, 2024 (*see* Doc. 24), but Plaintiff reported that he did not receive these written discovery requests. (*See* Doc. 27, at 2.) Defendants sent their written discovery requests to Plaintiff again on October 30, 2024, this time to the email address Plaintiff provided. (*See* Doc. 26.) On the same day, Defendants moved for the Court to require Plaintiff to respond to Defendants' written discovery by November 30, 2024. (*See* Doc. 27, at 3.) The Court granted the motion and ordered Plaintiff to respond to Defendants' written discovery by November 30, 2024. (*See* Doc. 30.) On December 2, 2024, Defendants moved for

1

the Court to enter a show-cause order, as Plaintiff did not fully respond to their written discovery requests by November 30, 2024. (*See* Doc. 32.) The Court entered an order on December 18, 2024, requiring Plaintiff to show cause for his failure to fully respond to Defendants' written discovery requests, and later entered an amended order requiring the same by December 31, 2024.[1]

Plaintiff filed a notice containing materials responsive to some of Defendants' written discovery requests on January 23, 2025, ten days after the deadline by which he was ordered to show cause. (*See* Doc. 36; Doc. 33, at 2.) Defendants filed a response on January 29, 2025, contending that the materials in Plaintiff's notice did not respond to all of their discovery requests. (*See* Doc. 37.) The Court entered a second show cause order on February 4, 2025, ordering Plaintiff to "produce discovery responsive to all of Defendants' requests for production on or before February 24, 2025." (*See* Doc. 38.) The Court ordered Plaintiff to show cause for his original failure to fully respond to Defendants' discovery requests again, and to show cause for his failure to respond to the Court's prior show cause order. (*See id.*) Plaintiff was also ordered to update his mailing address for a second time and to provide Defendants with a final witness list by February 24, 2025. (*See id.*)

Plaintiff responded to the Court's second show-cause order on February 28, 2025, explaining that he had trouble understanding Defendants' discovery requests and that he was "working hard to be able to afford" an attorney. (*See* Doc. 41.) Plaintiff also updated his mailing address (*see id.*) and provided a final witness list. (*See* Doc. 44.) However, Plaintiff did not produce any additional discovery materials. (*See* Doc. 45.) On March 7, 2025, the Court

---

[1] The amended order corrected a minor inaccuracy, ordered Plaintiff to provide an updated address with the Court, and directed the Clerk to mail the order to the address Plaintiff had given to Defendants. (*See* Doc. 32, at 2 n.4; Doc. 33; Doc. 34.)

2

ordered Plaintiff to produce all materials responsive to Defendants' requests by March 31, 2025. (*See* Doc. 46.) The Court advised Plaintiff that he "must make his best efforts to produce the discovery materials Defendants request whether he is represented by counsel or not," and that his "conduct has caused a months-long delay, as the Court initially ordered Plaintiff to respond to Defendants' written discovery by November 30, 2024." (*See id.* at 2.)

On April 4, 2025, Defendants filed a notice stating that Plaintiff had "not tendered any responses to the Defendants' written discovery requests" since the Court's order on March 7, 2025. (*See* Doc. 47.) Defendants' counsel also represented that he received no communication from Plaintiff in that time. (*See id.*) Defendants stated that Plaintiff's "noncompliance has again caused the Defendants prejudice by the Defendants' inability to schedule the Plaintiff's deposition without having received his complete responses to written discovery." (*Id.*)

On April 18, 2025, the Court entered another order requiring Plaintiff to produce "all materials responsive to Defendants' written discovery on or before May 2, 2025." (*See* Doc. 48, at 2.) The Court also ordered Plaintiff to "file a notice with the Court when he produces such material[s]." (*Id.*) Lastly, the Court advised Plaintiff that it would dismiss his claims if he failed to comply with the order and concluded that "lesser sanctions would not suffice when considering Plaintiff's continued non-compliance." (*Id.*) To date, Plaintiff has not filed a notice indicating that he has produced the materials Defendants request, nor has he explained his non-compliance.

## II. STANDARD OF LAW

### A. Rule 37(b)

"Federal Rule of Civil Procedure 37(b)(2)(A) empowers district courts to sanction parties for disobeying a discovery order." *D & R Servs., LLC v. Mesa Underwriters Specialty Ins. Co.*,

3

No. 23-5651, 2024 WL 2830660, at *3 (6th Cir. June 4, 2024) (hereinafter "*Mesa*"). "This power to sanction includes dismissing the action or proceeding in whole or in part." *Id.* (quoting Fed. R. Civ. P. 37(b)(2)(A)(v)) (internal quotations omitted). The four factors a court must consider when determining whether dismissal is appropriate are:

> (1) whether the offending party exhibited willfulness, bad faith, or fault in its failure to comply; (2) whether the party's failure to comply resulted in prejudice to the opposing party; (3) whether the court warned the offending party that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered prior to resorting to dismissal.

*Id.* (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)) (internal quotations omitted); *see also Mager v. Wisconsin Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (same).

### B. Rule 41(b)

"Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a case if the plaintiff fails to comply with a court order." *Knapp v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 21-5106, 2022 WL 709813, at *2 (6th Cir. Feb. 10, 2022) (cleaned up). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties.'" *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)) (internal alteration omitted). As with Rule 37(b), a court must consider the following factors when evaluating whether dismissal is appropriate under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knapp*, 2022 WL 709813 at *2 (citation omitted).

### III. ANALYSIS

#### A. Willfulness, Bad Faith, or Fault

"A plaintiff's action demonstrates willfulness, bad faith, or fault when the plaintiff 'displays either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Mesa*, 2024 WL 2830660 at *4 (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)) (internal alteration omitted). "This factor will be satisfied by 'a clear record of delay or contumacious conduct.'" *Id.* (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013)).

Here, Plaintiff has failed to comply with five of the Court's orders. First, Plaintiff failed to produce discovery responsive to Defendants' requests by the Court's deadline of November 30, 2024. (*See* Doc. 34.) Since that time, the Court entered orders directing Plaintiff to produce the responsive discovery materials on December 31, 2024 (*see* Doc. 34), on February 4, 2025 (*see* Doc. 38), March 7, 2025 (*see* Doc. 46), and April 18, 2025 (*see* Doc. 48). Plaintiff produced some responsive materials on January 23, 2025. (*See* Doc. 36.) Plaintiff also provided a final witness list and a notice of his updated address, but only in response to a show-cause order.[2] Plaintiff filed nothing in response to the Court's most recent orders (Docs. 46, 48) and has only attempted to explain his non-compliance with five different Court orders one time (*see* Doc. 41). This constitutes a "clear record of delay or contumacious conduct." *See Mesa*, 2024 WL 2830660 at *4 (explaining that the Sixth Circuit has held "that a party engaged in contumacious

---

[2] The Court ordered Plaintiff to update his address in two different orders. (*See* Doc. 34, at 2; Doc. 38, at 2.)

conduct where it failed to comply with discovery requests and a court order") (citations omitted); *see also Norris v. MK Holdings, Inc.*, 734 F. App'x 950, 958 (6th Cir. 2018) (finding a "clear pattern of willful failure to comply with discovery rules" and court orders when the plaintiff failed to comply with a court's discovery orders despite "numerous attempts by the defendants to obtain" the materials at issue).

### B. Prejudice to Defendants

A defendant suffers prejudice from a plaintiff's delay when "the defendant waste[s] time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide." *Mesa*, 2024 WL 2830660 at *5 (quoting *Schafer*, 529 F.3d at 737) (cleaned up). Such effort must be distinguishable from that which is typical "in the early stages of litigation and are to be expected when one is served with a complaint." *Id.* (citation omitted).

Here, Defendants filed two motions to extend deadlines (*see* Docs. 27, 39), a motion seeking a show-cause order (*see* Doc. 32), and three notices (*see* Docs. 37, 45, 47) because of Plaintiff's lack of cooperation. Defendants also expended more effort than usual to communicate with Plaintiff regarding his missing production in discovery. (*See* Doc. 32 (outlining Defendants' communications with Plaintiff).) Defendants also represent that they have been unable to schedule Plaintiff's deposition "without having received his complete responses to written discovery." (Doc. 47, at 1.) Defendants certainly wasted time and effort in this matter due to Plaintiff's delay and lack of cooperation.³ Accordingly, Defendants have suffered prejudice because of Plaintiff's lack of cooperation. See *Mesa*, 2024 WL 2830660 at *5 (finding that the defendant suffered prejudice when among other efforts, it "attempted to obtain [the plaintiffs']

---

³ While it is unclear to what extent Defendants wasted money because of Plaintiff's conduct, this is also a likely result when considering the attorney's fees associated with Defendants' efforts.

6

cooperation with its discovery request for months, causing it to file a motion to compel and a motion to dismiss and response in support of the motion"); *Norris*, 734 F. App'x at 959 (finding prejudice when the trial was postponed after the defendants' counsel was "compelled to call [the plaintiff's] counsel repeatedly and to draft approximately a dozen letters and emails in addition to a motion to compel and three separate motions to extend discovery all in an effort to obtain its requested discovery information in time for trial").

### C. Notice

A court must warn a plaintiff that his suit is subject to dismissal before imposing such a sanction under Rule 37 or 41. *See Mesa*, 2024 WL 2830660 at \*5 ("[The Sixth] Circuit has repeatedly deemed dismissal an abuse of discretion when the court "did not put the derelict parties on notice that further noncompliance would result in dismissal.").

Here, Plaintiff was repeatedly warned that failure to comply with the Court's orders could lead to the dismissal of his case. (*See* Doc. 34, at 2; Doc. 38, at 2; Doc. 46, at 2; Doc. 48, at 2.) Thus, Plaintiff had ample notice as to the consequences of non-compliance and the Court finds that this factor weighs in favor of dismissal.

### D. Less Drastic Sanctions

"The last factor asks whether the district court considered or imposed less drastic sanctions ahead of dismissal with prejudice." *Mesa*, 2024 WL 2830660 at \*6 (citing Reyes, 307 F.3d at 458).

In its previous order, the Court found that "lesser sanctions would not suffice when considering Plaintiff's continued non-compliance." (Doc. 48, at 2.) Accordingly, the Court considered lesser sanctions prior to dismissal and this factor also weighs in favor of dismissal.

7

### E. Supplemental Jurisdiction

Having found that Plaintiff's action should be dismissed, the Court will consider whether it retains jurisdiction over Defendant Scott's counterclaims. (*See* Doc. 10.)

"Under 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 Fed. App'x. 382, 384–85 (6th Cir. 2003)). "The Court should consider factors such as judicial economy, convenience, fairness, and comity, when deciding whether to decline to exercise supplemental jurisdiction over the remaining state law claim." *Williams v. Cawley*, No. CIV.03-10189-BC, 2005 WL 1030338, at *1 (E.D. Mich. Apr. 26, 2005) (citation and internal quotations omitted); *see also Burke v. Wes Morgan Const., Inc.*, No. 3:02-CV-1187, 2005 WL 2709638, at *9 (M.D. Tenn. Oct. 21, 2005) (same).

Here, Defendant Scott brings state-law counterclaims for assault and battery against Plaintiff. (*See* Doc. 10, at 6–8.) The Court finds that state court is likely the appropriate venue for these claims, as much of the effort in this litigation has been expended on Plaintiff's non-compliance in discovery rather than developing the underlying facts. As such, the interest of judicial economy holds little weight, while comity suggests the Court should decline to exercise jurisdiction. However, it would be unfair to Defendant Scott in this circumstance to dismiss his claims without providing him an opportunity to argue whether the Court should decide to exercise supplemental jurisdiction. Accordingly, Defendant Scott is hereby **ORDERED** to file a brief explaining why the Court should exercise supplemental jurisdiction over his remaining state-law claims on or before **May 23, 2025**. Alternatively, he may inform the Court that he does

not wish to pursue his claims in this venue.  Plaintiff may file a response within the timeframe outlined in the Local Rules.

## IV. CONCLUSION

For the above reasons, Plaintiff's claims are **DISMISSED WITH PREJUDICE** pursuant to both Federal Rules of Civil Procedure 37 and 41.  The Court **RESERVES** its jurisdictional ruling on Defendant Scott's remaining claims until briefing on the issue is complete.

**SO ORDERED.**

*/s/ Travis R. McDonough*<br>
**TRAVIS R. MCDONOUGH**<br>
**UNITED STATES DISTRICT JUDGE**